# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| JANA R. ROSENKRANZ, JOAN MONDRY and RAMONA DRISCOLL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTRU HEALTH SYSTEM, THE ALTRU HEALTH SYSTEM RETIREMENT COMMITTEE, and JOHN DOES 1-30.<br><br>Defendants. | CIVIL ACTION NO.: 3:20-cv-00168<br><br>Chief Judge Peter Welte |

**SUPPLEMENTAL SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF PLAN OF ALLOCATION AND FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS TO THE NAMED PLAINTIFFS**

# **TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT..................................................................................................................1

    A. The Dissemination of the Class Notice was Extremely Effective ...................... 1

    B. Objections To the Settlement.............................................................................. 2

    C. Receiving Only Two Objections from The Settlement Class Supports the Settlement's Approval ........................................................................................ 4

    D. Gallagher Authorizes the Settlement and Approves of the Request for Attorneys' Fees, Expenses, and Case Contribution Awards................................................. 5

III. CONCLUSION...............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*DeBoer v. Mellon Mortg. Co.*,
64 F.3d 1171 (8th Cir. 1995) ..............................................................................................5

*Feinberg v. T. Rowe Price Grp.*,
610 F. Supp. 3d 758 (D. Md. 2022) ....................................................................................4

*Keil v. Lopez*,
862 F.3d 685 (8th Cir. 2017) ..............................................................................................4

*In re Marsh ERISA Litigation*,
265 F.R.D. 128 (S.D.N.Y. 2010) ........................................................................................4

*Rawa v. Monsanto Company*,
No. 4:17CV02300-AGF, 2018 WL 2389040 (E.D. Mo. May 25, 2018) ............................5

*In re Wachovia Corp. ERISA Litig.*,
No. 3:09CV262, 2011 WL 13262040 (W.D.N.C. Oct. 24, 2011) .......................................4

I. **INTRODUCTION**

Plaintiffs Jana R. Rosenkranz, Joan Mondry and Ramona Driscoll (collectively, "Plaintiffs"), participants in the Altru Health System Retirement Savings Plan (the "Plan"), by and through their undersigned counsel, hereby respectfully submit this Supplemental Suggestions of Law in further support of their motions: (1) for an Order Granting Final Approval of Class Action Settlement, Certification of Settlement Class, and Final Approval of Plan of Allocation ("Motion for Final Approval"); and (2) for an Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards ("Motion for Fees and Expenses") (ECF Nos. 77 and 78), both filed with the Court on June 3, 2024. Plaintiffs submit this Supplemental Memorandum to: (a) reflect on the successful dissemination of the Class Notice; (b) inform the Court that there were two (2) non-substantive objections to the Settlement; and (c) inform the Court that the Independent Fiduciary appointed to review the Settlement has approved the Settlement and fee award requests.

II. **ARGUMENT**

A. **The Dissemination of the Class Notice was Extremely Effective**

Pursuant to the Court's Order granting preliminary approval of the Settlement ("Preliminary Approval Order") (ECF No. 76), Class Counsel oversaw the issuance of the Court-approved Class Notice. On February 29, 2024, the Settlement/Notice Administrator, Analytics LLC ("Analytics"), mailed the Notice of Class Action Settlement ("Class Notice") to 7,820 Class Members via First Class U.S. Mail, and emailed the Notice to 6,216 class members. *See* Exhibit 1, Supplemental Declaration of Settlement Administrator Jeffrey Mitchell ("Analytics Declaration") at ¶¶ 4, 5. As of the date of the Analytics Declaration, July 25, 2024, only 194 Class Notices had been deemed ultimately undeliverable (approximately 2.48%). *Id*. at ¶ 7. The Class Notice was also posted on a dedicated website – www.AltruERISASettlement.com – through which

1

Class Members could view: (1) a "Frequently Asked Questions" page, (2) an "Important Dates" page, (3) downloadable documents for the case and settlement, (4) contact information for Class Counsel and Defendants' Counsel, and (5) the email, phone, and U.S. mail contact information for Analytics. *See* Plaintiffs' Memorandum of Law in Support of the Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation (ECF No. 77-01) at 5. Additionally, on February 29, 2024, a case-specific toll-free number was established and maintained. *Id*. Accordingly, the dissemination of the Class Notice was extremely effective.

To date, there has been only two purported "objections" to the Settlement, representing roughly 0.03% of those who received mailed notice of the Settlement. Furthermore, as discussed below, the objections lack merit.

### B.     Objections To the Settlement

On June 3, 2024, ahead of the July 3, 2024 objection deadline, Plaintiffs filed their Memorandum in Support of Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation ("Final Approval Memo") (ECF No. 77-1) and their Memorandum in Support of Plaintiffs' Motion for An Award of Attorneys' Fees and Reimbursement of Expenses and Case Contribution Awards ("Fee Memo") (ECF No. 78-1). The relief requested in the Final Approval Memo and Fee Memo did not deviate in any material way from what was previously disclosed to the Settlement Class in the Class Notice, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, Approval of Class Notice, and Scheduling of a Fairness Hearing (ECF Nos. 73-74, filed on January 30, 2024), or the Settlement material prominently displayed on the Settlement website.

To date, there have only been two "objections" filed. Neither objection pertains to the

substance of the Settlement or the Fee Memo. Rather, both objectors raise general objections and wish to exclude themselves on the grounds that they are no longer employed at Altru.

Ms. Janeen Oecturich's objection was filed on June 10, 2024 (ECF No. 79). Ms. Oecturich's argument consists of two sentences: "I object to this settlement because it should be settled out of court. I am retired now and want no part of the settlement." *Id*. Ms. Sarah Lenhart's objection was filed on June 25, 2024 (ECF No. 80). Ms. Lenhart's argument is similarly short, stating that "I do not want to take part in this case. I no longer work for Altru and I want nothing to do with them." *Id*. No other arguments or objections have been raised.

Regarding Ms. Oecturich's objection, this Settlement was in fact reached outside of court, under the auspices of David Geronemus, Esq. of JAMS, a third-party private mediator with extensive experience mediating ERISA actions. *See* Final Approval Memo at 2-3. Furthermore, both objectors will continue to be disassociated with Altru regardless of the Settlement. While this is a non-opt out class action, the plan of allocation does not require Class Member to actively partake in any way in order to receive their share of the Settlement. *See* Plan of Allocation, attached as Exhibit B to the Settlement Agreement (ECF No. 74-2). Participants with an active account within the Plan will have their pro rata share of the settlement automatically allocated into their Plan account, and participants who no longer have an active account will be paid directly by the Settlement Administrator via check. *Id*. Participants will not need to submit any information to receive their share.

Furthermore, the reasonableness and the overall fairness to the Class has been evaluated and approved by a neutral third party – the Independent Fiduciary, Gallagher Fiduciary Advisors, LLC ("Gallagher"). *See* Section D, *infra*. The opinion of Independent Fiduciary should be awarded more weight than the objectors because "[t]he independent fiduciary offers an objective and highly

sophisticated perspective concerning the fairness and adequacy of the proposed Settlement. Non-opposition by the independent fiduciary is strong evidence in favor of the Settlement's adequacy." *In re Wachovia Corp. ERISA Litig.*, No. 3:09CV262, 2011 WL 13262040, at *4 (W.D.N.C. Oct. 24, 2011); *see also Feinberg v. T. Rowe Price Grp.*, 610 F. Supp. 3d 758, 769 (D. Md. 2022) (an ERISA excessive fee case approving the fee request because, *inter alia*, "an independent fiduciary reviewed the proposed settlement and determined not to object to any portion of it after interviewing counsel for both sides, reviewing filings, and researching the case."); *In re Marsh ERISA Litigation*, 265 F.R.D. 128, 151 (S.D.N.Y. 2010) (overruling an objection to Class Counsel's requested fee of 33 1/3% because "the Independent Fiduciary has reviewed Lead Counsel's requests, and that she has no objection to the requested fees, expenses or case contribution awards.")

Neither objector takes issue with the substance or adequacy of the Settlement, nor do the objectors take issue with the request for award of attorney's fees, expense reimbursement, or case contribution awards. Respectfully, the court should disregard these objections.

### C. Receiving Only Two Objections from The Settlement Class Supports the Settlement's Approval

As noted above, the notice program in this case was robust, with the Class Notice being mailed to over 7,800 Class Members, emailed to over 6,200 Class Members, and posted to the settlement website. *See* Analytics Declaration at ¶ 7. Only two people, meaning less than 0.03% of Class Members, objected to the Settlement. Courts across the nation consider no or few objections to either the settlement itself or to Class Counsel's requested attorneys' fees as strong evidence of the propriety and accessibility of that request. *See, e.g., Keil v. Lopez*, 862 F.3d 685, 698 (8th Cir. 2017) (small number of objections relative to a large class "speaks well of class reaction to the Settlement" and provides support for approval); *DeBoer v. Mellon Mortg. Co.*, 64

4

F.3d 1171, 1178 (8th Cir. 1995) ("The fact that only a handful of class members objected to the settlement similarly weighs in its favor."); *Rawa v. Monsanto Company*, No. 4:17CV02300-AGF, 2018 WL 2389040, at * 7 (E.D. Mo. May 25, 2018) (finding the minimal number of objectors compared to "the large size of the Settlement Class and the extensive public notice" to "weigh in favor of approval" of the settlement.).

In short, the relief requested in the Final Approval Memo and Fee Memo should be approved because only two of 7,800-plus Settlement Class participants have objected, and their arguments are without merit.

### D. Gallagher Authorizes the Settlement and Approves of the Request for Attorneys' Fees, Expenses, and Case Contribution Awards

Gallagher was appointed to serve as the Plan's independent fiduciary. *See* Gallagher Report at 1. After a thorough investigation, Gallagher entirely approves of the relief sought in the Final Approval Memo and Fee memo. With respect to the Settlement terms, Gallagher found as follows:

> The settlement terms, including the scope of the release of claims; the amount of cash received by the plan; the proposed attorney's fee award; any non-monetary relief included in the Settlement, and any other sums to be paid from the recoveries, are reasonable in light of the plan's likelihood of full recovery, the value of claims foregone and the risks and costs of litigation.

Gallagher Report at ¶ 3.

Regarding the Settlement efforts, Gallagher found that:

> After a thorough review of the pleadings and interviews with the parties' counsel and David Geronemus, Gallagher has concluded that an arm's-length Settlement was achieved after hard-fought negotiations between the parties and is reasonable, given the uncertainties of a larger recovery for the Class at trial. The fee request is also reasonable in light of the effort expended by Plaintiffs' counsel in the Litigation.

*Id*.

## III.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court grant the relief sought in their Final Approval Memo and Fee Memo and deny the objections to the Settlement.

DATED: July 26, 2024                              Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: */s/ Mark K. Gyandoh*